IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Dependency of: | ) | |
| E.W. | ) | No. 31860-5-III |
| | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

KORSMO, J. — The trial court terminated K.A.S.'s parental rights to her daughter, E.W., after a brief hearing at which K.A.S. was not in attendance. We reverse because the evidence does not support all of the necessary findings.

FACTS

The background and procedural history of this case need not be discussed at length because resolution of this appeal turns on the evidence presented at trial. E.W. was born to K.A.S. in 2008. E.W.'s father was never determined. E.W. was subject to a dependency action shortly after birth, but that proceeding was dismissed in January 2009, when K.A.S. married another man and appeared to be stable.

The marriage ended in dissolution six months later. K.A.S. went back to her pre-marriage erratic behavior. Drug usage, mental health problems that she was not treating,

and criminal behavior marked her life before and after the marriage.[1] After the marriage ended, K.A.S. left Walla Walla with E.W. and went to western Washington. K.A.S. left E.W. with her mother and then returned to Walla Walla. There she again encountered problems with the law and eventually was placed on "probation" with the Department of Corrections (DOC).

A second dependency action was commenced and E.W. was determined to be dependent on July 28, 2011. K.A.S. was ordered to participate in services that had been ordered in conjunction with her "probation" in a criminal matter.

A termination trial was held January 16, 2013. Neither K.A.S. nor the presumed father attended, although both had been served notice of the hearing and were represented by counsel. The State called a single witness, a social worker for the Division of Children and Family Services (DCFS) of the Department of Social and Health Services (DSHS). She testified to both K.A.S.'s troubled life before becoming the mother to E.W. as well as her ongoing difficulties since the birth. She supervised K.A.S.'s last visitation with E.W. and related that the child did not desire to see her mother. In her visit with E.W., K.A.S. sought expressions of affection from the child who, instead, laid on the floor with her arms covering her head.

---

[1] These conditions also appeared to be contributing factors to the marriage dissolution.

With respect to services necessary for K.A.S. to become a fit parent, the social worker noted that numerous services had been ordered as part of the second dependency.[2] The social worker testified that K.A.S. had absconded from DOC supervision for some time, but eventually went to a mental health treatment facility in Spokane for a short period of time. She ran away from the treatment facility without completing treatment. The social worker also discussed treatment programs K.A.S. had attempted over the years and her criminal activities from her youth to current times.

Defense counsel had no questions for the witness. An advocate made a brief statement to the court confirming some of the social worker's testimony and concluded by stating that E.W. had a wonderful "foster adopt family." Report of Proceedings at 23. The advocate also recommended that the parental rights be terminated. The court agreed that termination was appropriate and directed the prosecutor to prepare findings.

Written findings and an order terminating the rights of both parents were entered. K.A.S. filed a timely appeal to this court from the order.

## ANALYSIS

The appellant raises several issues concerning the sufficiency of the findings and the evidence as well as the performance of her counsel at trial. We need not address all

---

[2] The prosecutor asked the trial court to take judicial notice of the dependency order. The court did not comment on the request.

3

of her arguments in light of the fact that the record does not support one of the required findings.

The termination of parental rights statute provides a two-step process: the first step focuses on the adequacy of the parents, which must be proven by "clear, cogent, and convincing evidence," and the second step focuses on the child's best interests, which need only be proven by a preponderance of the evidence; only if the first step is satisfied may the court reach the second. *In re Welfare of A.B.*, 168 Wn.2d 908, 911, 232 P.3d 1104 (2010). When assessing the adequacy of the parents, RCW 13.34.180(1) lists six elements that the State must prove.

This court reviews factual findings for substantial evidence. *In re Dependency of A.V.D.*, 62 Wn. App. 562, 568, 815 P.2d 277 (1991). The findings required to terminate a parent-child relationship must be established by "clear, cogent, and convincing evidence." RCW 13.34.190(1)(a)(i); *In re M.R.H.*, 145 Wn. App. 10, 24, 188 P.3d 510 (2008). Where a party is required to establish its case by "clear, cogent, and convincing evidence," this court incorporates that standard of proof into its review. *In re Trust & Estate of Melter*, 167 Wn. App. 285, 301, 273 P.3d 991 (2012).

With these basic principles in mind, we turn to the challenges raised by K.A.S. She argues that DSHS did not prove it offered all necessary services to her and that it did not prove she was unable to parent E.W.

RCW 13.34.180(1)(d) requires that the State prove that "all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided." The failure to offer necessary services is excusable if the effort would be futile. *In re Welfare of M.R.H.*, 145 Wn. App. at 25. K.A.S strenuously challenges the trial court's determination that this factor was satisfied.

With respect to this factor, the trial court found by "clear, cogent, and convincing evidence" that:

> (d) That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided; Since [E.W.] was removed from the care of her mother, the Department has offered the following services clearly and understandably to address [K.A.W.'s] and [the father's] parenting deficiencies. [K.A.S.] and [the father] were expected to complete the following:
>
> Mother – [K.A.S.]
> 1. Engagement and compliance with drug/alcohol treatment;
> 2. Psychological evaluation;
> 3. Individual mental health counseling;
> 4. Parenting assessment and services;
> 5. No criminal activity;
> 6. Maintain a safe and stable living environment;
> 7. Attend visitation as scheduled and comply with visitation protocols as outlined by the Department;
> 8. Provide random UAs;
> 9. Sign Releases of Information/Consent forms as requested; and
> 10. Contact the Department twice per month.

Clerk's Papers at 42-43.

5

We agree with K.A.S. that the record does not support the finding that these services were "offered or provided." The testimony established that these conditions were ordered as part of the dependency (and perhaps as part of the criminal case). The record, however, makes no mention of whether or not these services were "offered" to K.A.S. *after* they had been ordered. It is likely that the mental health counseling requirement was provided to K.A.S. due to the fact that she briefly went to a treatment facility in Spokane, although nothing in this record establishes how she ended up in that facility. There also may have been services offered through the criminal case. However, nothing in the record of the trial supports these possibilities or otherwise provides support for the finding. It lacks substantial evidence.

DSHS defends on the basis that K.A.S.'s long-term problems, absence from supervision, and earlier failures of treatment establish that provision of services would have been futile. That may be the case. However, the State did not advance that argument at trial and, thus, the trial court made no finding along those lines. We do not re-weigh evidence on appeal. We also are reluctant to affirm on alternative grounds where, as here, there was evidence of a stable period in her recent life that suggests she might have been able to avail herself of the necessary services. Although her history makes that prospect unlikely, we cannot totally discount the possibility.

No. 31860-5-III
*In re the Dependency of E.W.*

The State failed to prove one of the necessary components of its case. We therefore reverse and remand for a new trial without reaching her other contentions.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

7